UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| VAN STARLING, ) | C/A No. 4:15-3636-TLW-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| BRYAN P. STIRLING, DIRECTOR SCDC; MICHAEL ) | |
| McCALL, DEPUTY DIRECTOR SCDC, MS. ) | |
| MITCHELL, CKI/MSU CASEWORKER, LARRY R. ) | |
| CARTLEDGE, WARDEN PCI, CURTIS EARLEY, ) | |
| MAJOR PCI, ALL BEING SUED IN THEIR ) | |
| INDIVIDUAL CAPACITIES, ) | |
| ) | |
| Defendants. ) | |

Presently before the court are Plaintiff's Motions to Compel. (Docs. #26 and #33). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. §636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC.

Plaintiff filed a motion to compel discovery on November 20, 2015. (Doc. #26). Defendants filed a response in opposition on December 10, 2015, asserting the motions should be denied as they were not timely served based on the court's scheduling order. Plaintiff filed a reply on December 22, 2015. (Doc. #34). In Plaintiff's motion to compel, he asserts he served discovery requests upon Defendants on October 22, 2015, and November 2, 2015. The court's scheduling order set the discovery deadline as November 19, 2015, directing that all discovery requests shall be served in time for the responses thereto to be served by this date. (Doc. #5). Therefore, Plaintiff did not serve the discovery in time for the responses to be served by the November 19, 2015, deadline. Accordingly, Plaintiff's motion to compel (Doc. #26) is denied.

Plaintiff filed a second motion to compel on December 22, 2015, asserting that the Defendants failed to fully answer his interrogatories and are "trying to hide information." (Doc. #33). Plaintiff attached a copy of three sets of interrogatories submitted on October 6, 2015, October 8, 2015, and October 16, 2015, requesting the court to have the Defendants answer interrogatories. He cited to Interrogatories #3, #4, and #5 in the first set of interrogatories and Interrogatories #1, #2, and #4 in the second set of interrogatories, all with subparts, as the interrogatories the Defendants failed to respond to in the discovery.

Defendants filed a response opposing the motion asserting that even though the Plaintiff's various interrogatories had sub-parts, the Defendants counsel attempted to respond to the interrogatory as a whole including the subparts to address the issues or allegations raised by the interrogatories and that the answers are sufficient to comply with Rule 33, FRCP. Additionally, Defendants argue Plaintiff's motion is conclusory and fails to explain why the responses to any of the questioned interrogatories are not sufficiently responsive to the subject matter.

Plaintiff's motion to compel (doc. #33) is denied. Based on the responses to the discovery attached to Plaintiff's motion, it appears Defendants have sufficiently responded to the requests. Plaintiff failed to set forth the grounds for the motion, including a statement explaining why the discovery should be had within the context of the action (where the motion challenges objections) or the relevant dates of service and facts demonstrating noncompliance or supporting a challenge to the sufficiency of the response pursuant to Local Civil Rule 7, D.S.C.

IT IS SO ORDERED.

    s/Thomas E. Rogers, III
    Thomas E. Rogers, III
    United States Magistrate Judge

February 17, 2016
Florence, South Carolina